# UNITED STATES DISTRICT COURT
### District of New Mexico

| | |
|---|---|
| UNITED STATES OF AMERICA<br>V.<br>**Michael Leon Matthews** | **Judgment in a Criminal Case**<br>(For **Revocation** of Probation or Supervised Release)<br><br>Case Number:  **1:05CR00250-001JB**<br>USM Number: **31412-051**<br>Defense Attorney: **Margaret Katze, Appointed** |

THE DEFENDANT:

☒   admitted guilt to violations of condition(s)  **MC**  of the term of supervision.
☐   was found in violation of condition(s)    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| *Violation Number* | *Nature of Violation* | *Violation Ended* |
|---|---|---|
| 1 | MC - The defendant committed another federal, state, or local crime. | 03/15/2011 |

The defendant is sentenced as provided in pages 1 through **3** of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐   The defendant has not violated condition(s)    and is discharged as to such violation(s).

IT IS FURTHER ORDERED that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

| | |
|---|---|
| **7177**<br>Last Four Digits of Defendant's Soc. Sec. No. | **July 25, 2012**<br>Date of Imposition of Judgment |
| **1954**<br>Defendant's Year of Birth | **/s/ James O. Browning**<br>Signature of Judge |
| **Albuquerque, NM**<br>City and State of Defendant's Residence | **Honorable James O. Browning**<br>**United States District Judge**<br>Name and Title of Judge |
| | **August 27, 2012**<br>Date Signed |

AO 245D (Rev. 12/10) Judgment in a Criminal Case for Revocations
Sheet 2 Imprisonment                                                                                         Judgment Page 2 of 3

Defendant: **Michael Leon Matthews**
Case Number: **1:05CR00250-001JB**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **28 days or time served, whichever is less** .

**No further term of supervised release is imposed.**

**On July 28, 2005, the Court sentenced Defendant Michael Leon Matthews to a sentence of 5-years imprisonment for violation of 18 U.S.C. § 924(c), that being carrying and possessing a firearm in relation to and in furtherance of a drug trafficking crime. See Judgment in a Criminal Case at 1-2, filed November 2, 2005 (Doc. 31)("Judgment"). The Court imposed a term of three-years supervised release. See Judgment at 3. One of the mandatory conditions of supervised release with which Matthews had to comply was as follows: "The defendant shall not commit another federal, state, or local crime." Judgment at 3. On October 17, 2011, the United States Probation Office ("USPO") filed a Petition for Revocation of Supervised Release on the basis that Matthews violated this condition. See Doc. 34, at 1 ("Petition"). The USPO asserts that Matthews had violated this mandatory condition by pleading guilty in state court, on March 15, 2011, to three separate charges: (i) conspiracy trafficking a controlled substance (first offense); (ii) trafficking a controlled substance -- possession with intent to distribute; and (iii) possession of a controlled substance (felony) and trafficking a controlled substance -- possession with intent to distribute. See Petition at 1. The Petition notes that Matthews "was sentenced as a repeat offender and he was sentenced to 9 years imprisonment and 2 years parole with the Department of Corrections." Petition at 1.**

**At the revocation hearing on July 25, 2012, the parties agreed that the Court should revoke Matthews` term of supervised release. Revocation is mandatory for this violation. Matthews asked that the Court impose no imprisonment on the basis that he has several years remaining on his state court sentence along with several years of parole in the state system. Matthews also noted that he is fifty-eight-years old and has significant health problems, including a serious back injury. Plaintiff United States of America left the determination of what constitutes an appropriate sentence to the Court`s discretion, but noted that Matthews should understand that there are consequences for his conduct. Because Matthews committed another crime while on supervised release, his violation is a Grade A violation pursuant to U.S.S.G. § 7B1.1(a)(1). Pursuant to application note 1 to U.S.S.G. § 7B1.4, Matthews` criminal history category is the criminal history category he had at the time of his original sentence to a term of supervision, which is a criminal history category of II. A Grade A violation and a criminal history category of II yields a guideline imprisonment range of 12 to 18 months.**

**The Court finds that Matthews violated the conditions of supervision by committing another offense under state law. The Court has carefully considered the parties` arguments and the circumstances of this case. The Court has reviewed the violation report and the factors set forth in 18 U.S.C. § 3553(a). The Court has considered the guideline range for the applicable category of violation committed by the applicable category of defendant. The Court believes that the punishment that the guidelines set forth is not appropriate for Matthews` violation. The Court concludes that a sentence of 28 days or time served, whichever is less, is sufficient to reflect the seriousness of the violation. While defendants do not always receive significant sentences in state court compared to the sentences they receive in federal court, Matthews has received a significant 9-year sentence in state court for the additional offenses he has committed. That situation counsels in favor of a downward variance. At this point, Matthews has spent a substantial amount of time in the federal system. Although the violation is a serious one, imposing a lengthy federal sentence would unfairly punish Matthews multiple times for the same underlying conduct. The Court believes that the federal system is largely done with incarcerating and supervising Matthews.**

**The Court has considered the guidelines, but, in arriving at its sentence, has taken into account not only the guidelines but other sentencing goals. This sentence adequately reflects the seriousness of the violation, promotes respect for the law, provides just punishment, affords adequate deterrence, protects the public, avoids unwarranted sentencing disparities among similarly situated defendants, and otherwise fully reflects each of the factors embodied in 18 U.S.C. § 3553(a). On the scale of violations, which include committing additional offenses while on supervised release, this violation is one of the most serious violations a defendant can commit. Nevertheless, the state court system has imposed significant penalties on Matthews for his conduct. Thus, in light of those significant penalties, the Court concludes that this sentence reflects the seriousness of the violation. Given the substantial sentence Matthews has received in state court, the Court believes that the sentence promotes respect for the law. In light of the**

lengthy sentence that Matthews received in federal court, his time on supervised release in the federal system, the 9-year sentence he has received in state court, and the 2 years he will spend on parole in state court, the Court finds that the sentence provides just punishment, affords adequate deterrence, both specifically to Matthews and to the public generally, and avoids unwarranted sentencing disparities among similarly situated defendants. Matthews is also an older defendant and will be in his sixties when he finishes his sentence in state court. At that age, his likelihood of recidivism will decrease. While the Court`s task, as a district court, is not to arrive at a reasonable sentence -- it is to come up with one that reflects the factors in 18 U.S.C. § 3553(a), see United States v. Conlan, 500 F.3d 1167, 1169 (10th Cir. 2007)("[A] district court`s job is not to impose a reasonable sentence. Rather, a district court`s mandate is to impose a sentence sufficient, but not greater than necessary, to comply with the purposes of section 3553(a)(2)." (citation omitted)) -- the Court believes this sentence is reasonable. And perhaps most important in this calculation, the Court believes that this sentence is sufficient without being greater than necessary to comply with the purposes of punishment Congress set forth in the Sentencing Reform Act of 1984, Pub. L. No. 98-473, 98 Stat. 1987 (codified as amended in scattered sections of 18 U.S.C.). The Court sentences Matthews to 28-days imprisonment or time served, whichever is less.

☐   The court makes these recommendations to the Bureau of Prisons:

☒   The defendant is remanded to the custody of the United States Marshal.
☐   The defendant shall surrender to the United States Marshal for this district:
    ☐   at  on
    ☐   as notified by the United States Marshal.
☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
    ☐   before 2 p.m. on
    ☐   as notified by the United States Marshal
    ☐   as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL